1  Renée Welze Livingston – 124280
   Crystal L. Van Der Putten – 227262
2  LIVINGSTON LAW FIRM
   A Professional Corporation
3  1600 South Main Street, Suite 280
   Walnut Creek, CA 94596
4  Tel: (925) 952-9880
   Fax: (925) 952-9881
5
   Attorneys for Plaintiff
6  METROPOLITAN LIFE INSURANCE COMPANY

7
               UNITED STATES DISTRICT COURT
8
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                    OAKLAND DIVISION
10

11 METROPOLITAN LIFE INSURANCE     ) Case No. C08-02710
   COMPANY,                        )
12                                 )
                  Plaintiff,       ) COMPLAINT FOR VIOLATION OF
13                                 ) FEDERAL EMPLOYEES' GROUP LIFE
        vs.                        ) INSURANCE ACT; UNJUST
14                                 ) ENRICHMENT; AND CONVERSION
   DONNA DOMINO and DOES 1-20,     )
15 inclusive,                      ) DEMAND FOR JURY TRIAL
                                   )
16                Defendants.      )
                                   )
17 _____)

18      Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY, through its undersigned

19 attorneys, as and for its Complaint against Defendant herein, alleges:

20                              PARTIES

21      1.   Plaintiff Metropolitan Life Insurance Company ("MetLife") is an insurance

22 company organized and existing under the laws of the State of New York with its principal place

23 of business in New York.

24      2.   Upon information and belief, Defendant Donna Domino ("Defendant") is an

25 individual residing at 24 Oak Crest Drive, San Rafael, California, 94903. It is the claim of the

26 Defendant that she was the companion of Ronald G. Sonenshine, the decedent ("Decedent").

27      3.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as

28 DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names.

Plaintiff will amend this complaint to allege defendants' true names and capacities when ascertained. Each reference in this complaint to "defendant" or a specifically named defendant refers also to all defendants sued under a fictitious name. Plaintiff is informed and believes and thereon alleges that each of the defendants was the agent, servant, employee and/or representative of the other defendants and that each such defendant at all times herein mentioned committed such acts or omissions within the course and scope of its/his/her agency, employment or representative capacity with full knowledge, consent, authority and ratification of each of the other defendants named herein.

## JURISDICTION AND VENUE

4. In this action, Plaintiff MetLife seeks to recover funds that were inadvertently paid by MetLife to the Defendant pursuant to her claim for life insurance proceeds under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-8716, a federal statute.

5. Pursuant to 5 U.S.C. § 8715, the district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of civil actions or claims founded on this chapter. Therefore, the United States District Court for the Northern District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 5 U.S.C. §8715.

6. Upon information and belief defendant is a resident of San Rafael, California. Accordingly, venue is proper in the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §1391 and Local Rule 3-5(b).

## INTRADISTRICT ASSIGNMENT

7. Venue is proper in either the San Francisco Division of the United States District Court, Northern District of California, or the Oakland Division of the United States District Court, Northern District of California, as these divisions hear cases arising in Marin County and defendant resides in Marin County.

## BACKGROUND

8. In 1954, Congress enacted FEGLIA "to provide low-cost group life insurance to

Federal employees." H.R. Rep. No. 2579 at 1 (1954), reprinted in 1954 U.S.C.C.A.N. 3052.

9. Federal law authorized the establishment of the Employees' Life Insurance Fund of the Treasury of the United States of America into which employer and employee premiums for the cost of FEGLI insurance ("FEGLI Proceeds") are deposited.

10. Payments of FEGLI Proceeds result in withdrawal of funds from the United States Treasury.

11. Pursuant to the Appropriations Clause of the Constitution of the United States of America, payments of money resulting in withdrawals from the United States Treasury must be authorized by federal statute. Office of Personnel Management v. Richmond, 110 S. Ct. 2465, reh'g denied, 111 S. Ct. 5 (1990).

12. Pursuant to 5 U.S.C. §§ 8709 – 8716, the United State Office of Personnel Management ("OPM") is authorized, under 5 U.S.C. §§ 8709–8716, to "prescribe regulations necessary to carry out FEGLIA's purposes."

13. FEGLIA, and the associated federal regulations at 5 C.F.R. Part 870, require OPM to contract with a private insurance company to administer the processing of FEGLI claims pursuant to applicable federal law. Pursuant to FEGLIA 5 U.S.C. § 8709, Plaintiff MetLife issued MetLife's Group Policy No. 17000-G, known as the Federal Employees Group Life Insurance Policy (the "FEGLI Policy"), to OPM.

14. MetLife is required to make payment of FEGLI Proceeds upon establishment of a valid claim to the proper beneficiary(ies) pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

15. The Office of Federal Employees Group Life Insurance ("OFEGLI") (hereinafter "MetLife") is the administrative unit of Plaintiff MetLife charged with the responsibility of administering all FEGLI claims pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

16. The business of the FEGLI Program, up to the point of the death of covered employees or retirees, is conducted by agencies of the United States of America.

17. The responsibilities of the federal agencies (including OPM for retirees) with regard to the FEGLI program include collecting shares of the cost of the FEGLI coverage through deductions from the salaries of federal employees and the annuity benefits of federal

retirees. It is the sole responsibilities of the federal agencies to receive and process requests for changes in beneficiary designations from federal employees and retirees and to submit beneficiary designations to MetLife upon the federal employee's death.

18. The decedent, Ronald G. Sonenshine, was covered for life insurance under the FEGLI Policy through his employment with the Presidio Trust located in San Francisco, California.

19. At the time of his death on June 12, 2005, the Decedent had no Beneficiary Designation on file with his employer.

20. On or about June 30, 2005, the Defendant submitted to the Decedent's employer an executed Beneficiary Designation, dated May 5, 2004, in which he purported to name the Defendant as the sole beneficiary (100%) of the FEGLI Proceeds. This form, however, was not submitted to the Decedent's employer prior to his death thus rendering it invalid under the policy provisions of 5 U.S.C. Statute 8705 (a): Death Claims, Order of Precedence; Escheat, which states:

> "(a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> **First**, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706 (b) of this title, in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
>
> **Second**, if there is no designated beneficiary, to the widow or widower of the employee.
>
> **Third**, if none of the above, to the child or children of the employee and descendants of deceased children by representation.
>
> **Fourth**, if none of the above, to the parents of the employee or the survivor of them.

**Fifth**, if none of the above, to the duly appointed executor or administrator of the estate of the employee.

**Sixth**, if none of the above, to other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death."

21. Without a valid Designation of Beneficiary form on file the proceeds should have been paid in accordance with the FEGLI statue, which provides for an order of payment where no designation is made. Under said order of payment the Defendant would have received none of the proceeds.

22. On or about June 12, 2005, the decedent died.

23. After the decedent's death, his employing agency provided MetLife with documents relevant to his coverage under the FEGLI Policy. The only beneficiary designation form included with those documents was the beneficiary designation dated May 5, 2004 naming Defendant Donna Domino.

24. Shortly thereafter, Defendant claimed FEGLI Proceeds pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

25. On or about July 15, 2005, MetLife paid Defendant 100% of FEGLI Proceeds, amounting to $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents), consisting of $84,000.00 (Eighty Four Thousand Dollars) in Basic Life Insurance benefits, plus $113.93 (One Hundred Dollars and Ninety Three Cents) in interest based upon the invalid form submitted by Decedent's employer.

26. FEGLIA mandates that life insurance benefits shall be paid to the beneficiary or beneficiaries named by the decedent in a beneficiary designation that meets the requirement of 5 U.S.C. § 8705(a) and that said beneficiary form be submitted to his/her employer prior to his/her death. Because the decedent never submitted the designation form dated May 5, 2004 prior to June 12, 2005 naming Defendant, she was not entitled to receive the FEGLI Proceeds.

27. On or about August 15, 2005, MetLife advised Defendant in writing that she was not entitled to receive, nor to retain, the FEGLI Proceeds. MetLife requested that Defendant reimburse $84,113.93. Defendant has willfully and intentionally failed to reimburse MetLife for

the FEGLI Proceeds inadvertently paid to her.

## COUNT I

### (Violation of FEGLIA, 5 U.S.C. § 8701-8716)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 as if set forth fully herein.

29. On or about May 5, 2004, the decedent purported to designate Defendant Donna Domino, as beneficiary of the FEGLI Proceeds.

30. However, said designation form was not submitted to decedent's employer prior to his death, and there was no other designation form on file at the time of his death. The Defendant, subsequent to decedent's death, submitted the form dated May 5, 2004, to Decedent's employer but said form is invalid as it is not in compliance with 5 U.S.C. Section 8705(a).

31. Under the FEGLIA statute the proceeds should have been paid out pursuant to the order of payment detailed in the statute. Under the order of payment the Defendant was not entitled to receive **any** of the proceeds of the life insurance policy.

32. After decedent's death, on or about June 12, 2005, Defendant was inadvertently paid the full amount of the FEGLI Proceeds, amounting to $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents). Because the May 5, 2004 beneficiary designation was invalid due to decedent's failure to submit it to his employer prior to his death, Defendant was not entitled to the decedent's FEGLI proceeds.

33. Pursuant to 5 U.S.C. § 8705, FEGLIA mandates that FEGLI Proceeds shall be paid to the proper beneficiary or beneficiaries upon the establishment of a valid claim.

34. Defendant was not the lawfully designated beneficiary of the decedent's coverage under the FEGLI Policy and thus was not entitled to receive the FEGLI Proceeds, or any portion of them.

35. Defendant received FEGLI Proceeds to which she was not entitled in the amount of $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents).

36. On or about August 15, 2005, MetLife advised Defendant of the overpayment, and requested that she reimburse $84,113.93 (Eighty Four Thousand One Hundred Thirteen

1  Dollars and Ninety Three Cents) of the FEGLI Proceeds inadvertently paid to her.

2      37.    Defendant's acceptance of the FEGLI proceeds and refusal to return them to
3  MetLife constitutes a violation of 5 U.S.C. § 8701-8716.

4      38.    Defendant is liable to MetLife for reasonable attorney's fees and costs of this
5  action in order to recover the overpayment.

6      39.    As a direct and proximate result of Defendant's violation, MetLife is entitled to
7  recoupment of the payment made to Defendant in an amount to be determined at trial but in no
8  event less than $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety
9  Three Cents), plus applicable interest, costs, and reasonable attorney's fees.

## COUNT II

### (Unjust Enrichment)

12      40.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37
13  as if set forth fully herein.

14      41.    On or about July 15, 2005, MetLife paid Defendant $84,113.93 (Eighty Four
15  Thousand One Hundred Thirteen Dollars and Ninety Three Cents) in FEGLI Proceeds.

16      42.    Defendant was not the beneficiary of the Insured's coverage under the FEGLI
17  Policy and was thus not entitled to receive any life insurance benefits under applicable federal
18  law.

19      43.    On or about August 15, 2005, MetLife wrote Defendant to advise her that she was
20  not entitled to the FEGLI proceeds and to request that she reimburse MetLife $84,113.93 (Eighty
21  Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents).

22      44.    Under the Appropriations Clause (Article I, Section 9) of the United States
23  Constitution, only Congress has the power to authorize disbursement of funds pursuant to
24  FEGLIA. Defendant has no lawful claim to the FEGLI Proceeds because the beneficiary
25  designation naming her for payment was invalid.

26      45.    Despite due demand, and in breach of FEGLIA, Defendant has failed and refused
27  to reimburse MetLife the FEGLI Proceeds.

28      46.    By receipt of the FEGLI Proceeds and as a result of Defendant's failure to

reimburse MetLife for the monies paid, Defendant has been unjustly enriched in the amount of $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents).

47. Defendant is also liable to Plaintiff for reasonable attorneys' fees and costs incurred to recover the FEGLI Proceeds.

48. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to recoupment of the FEGLI Proceeds in an amount to be determined at trial but in no event less than $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents), plus applicable interest, costs, and reasonable attorneys' fees.

## COUNT III

### (Conversion)

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 as if set forth fully herein.

50. Defendant received funds to which she was not entitled. Said funds belonged to Plaintiff.

51. After MetLife discovered that the FEGLI Proceeds were inadvertently paid to Defendant, MetLife informed Defendant of the overpayment and requested her to repay the money.

52. Despite due demand, Defendant has willfully and intentionally failed to reimburse Plaintiff for the FEGLI Proceeds and, upon information and belief, Defendant has unlawfully converted the $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents) in FEGLI Proceeds to her own pecuniary gain.

53. Defendant is liable to MetLife for reasonable attorney's fees and costs of this action in order to recover the overpayment.

54. As a direct and proximate result of Defendant's wrongful conversions of the FEGLI Proceeds, Plaintiff was harmed and is entitled to recoupment in an amount to be determined at trial but in no event less than $84,113.93 (Eighty Four Thousand One Hundred Thirteen Dollars and Ninety Three Cents), plus applicable interest, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Donna Domino as follows:

1. For damages according to proof;
2. For attorneys' fees;
3. For costs of suit;
4. For prejudgment interest; and
5. For such other and further relief as the Court deems appropriate.

Dated: May 28, 2008

LIVINGSTON LAW FIRM

By: _____
Renée Welze Livingston
Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE
COMPANY

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff hereby demands trial by jury.

Dated: May 28, 2008

LIVINGSTON LAW FIRM

By: _____
Renée Welze Livingston
Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE
COMPANY